**Martha L. ANGLIN, Plaintiff–Appellant**

v.

**CERES GULF INC; International Longshoremen's Association, 1351; South Atlantic and Gulf Coast District Executive Board, International Longshoremen's Association; West Gulf Maritime Association, Defendants–Appellees.**

No. 12–20259
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 18, 2012.

Stephen Joseph Schechter, Attorney, Stephen J. Schechter, P.C., Boerne, TX, for Plaintiff–Appellant.

Scott Robert Breitenwischer, Nathan Allan Wesely, Royston, Rayzor, Vickery & Williams, L.L.P., Shareen D. Larmond, West Gulf Maritime Association, Eric H. Nelson, Houston, TX, for Defendants–Appellees.

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

*ON PETITION FOR REHEARING*

PER CURIAM: *

Plaintiff–Appellant's petition for panel rehearing is GRANTED in light of this Court's recent decision in *Ibarra v. United Parcel Service*, 695 F.3d 354 (5th Cir. 2012). We withdraw our prior ruling with respect to Defendants–Appellees Ceres Gulf and West Gulf Maritime Association, and we now REVERSE that part of the district court's judgment.

In *Ibarra*, this Court held that in order for a collective bargaining agreement (CBA) to "clearly and unmistakably" waive a union member's right to a judicial forum for statutory discrimination claims, that CBA must "specifically identify" the relevant statute or otherwise "state that statutory discrimination claims shall be subject to the [CBA's] grievance procedure." 695 F.3d at 358. The CBA at issue here does not specifically identify the relevant statute, Title VII, nor does the CBA state that statutory discrimination claims shall be subject to its grievance and arbitration procedure. Therefore, in light of *Ibarra*, the CBA on its own cannot bar Anglin's standing to file suit under Title VII against Ceres and WGMA.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

There remains a factual question as to whether a Memorandum of Understanding (MOU) entered into between the Union and WGMA is binding on Anglin. The MOU specifically identifies Title VII, indicating *inter alia* that complaints brought under that statute are subject to the CBA's grievance and arbitration provisions. Thus, if the MOU is binding on Anglin, the MOU and CBA together would appear to satisfy this Court's requirements in *Ibarra*. However, Anglin has testified that the MOU was rejected by local union members and that its provisions were voluntary. Her testimony appears to be uncontroverted. Further, the copy of the MOU provided in the trial record was never executed. In its Opinion on Motions for Summary Judgment, the district court discussed this question only in passing.

REVERSED IN PART and REMANDED.

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.